# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW ALKADY,<br><br>        Plaintiff,<br><br>v.<br><br>FIRST TRANSIT, INC.,<br><br>        Defendant. | Case No.: 16-cv2291-L-BGS<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

  In this putative class action alleging wage and hour violations on behalf of non-exempt fixed-route bus drivers at Defendant's Orange County Transportation Authority locations in Santa Ana and Irvine, Plaintiff filed an unopposed motion for preliminary approval of class action settlement. The motion is denied without prejudice for the following reasons:

  1. Although the operative complaint (doc. no. 9) alleges a number of wage and hour violations, Plaintiff sought to certify a class only with respect to the alleged rest break violations and derivative claims for failure to provide accurate wage statements, failure to timely pay wages upon termination, unfair competition and claims for penalties under Labor Code California Private Attorney General Act. (Doc. no. 43 at 7-8, 16-17; doc. no. 61-1 at 10, 14.) The scope of the proposed settlement is the same. (*See* doc. no. 61-1 at 10.) Nevertheless, the class proposed in Plaintiff's motion for class certification

1

(doc. no. 43 at 16-17) differs significantly from the definition in the proposed settlement (doc. no. 61-3 ("Settlement") § I(d)).  Unlike the class certification motion, the motion to approve settlement proposes a class which subsumes the wage statement and waiting time subclasses.  The failure to create a waiting time subclass for settlement purposes is troubling.  The claim for waiting time penalties, *i.e.*, claim for failure to timely pay all compensation due upon separation from employment, is unique to former employees. *See* Cal. Lab. Code §§ 201-203.  The proposed settlement, although purporting to settle the waiting time claim, does not appear to provide any relief specific to former employees.  Furthermore, no information is provided to determine whether Plaintiff is a former employee, so as to be able to adequately and fairly represent the interests of the former employees.  *See* Fed. R. Civ. Proc. 23(a)(3),(4); *see also id.* (e)(2)(A), (D).

    2.    The release provision includes class members' claim for waiting time penalties; however, the settlement provides no relief for this claim.  (*See* Settlement § I(c)(3)).  Although a settlement does not necessarily have to provide relief for all the released claims, the Court is not inclined to approve the settlement without an adequate explanation why no relief is provided.  Finally, subsections (2) and (3) of the Released Claims should include the same limiting language as subsection (4) to specify that they are released only insofar as they relate to the alleged rest break violations.  (*See id.* § I(c).)

    3.    The Settlement provides for "California Rural Legal Assistance" as the *cy pres* recipient.  Neither the settlement (Settlement §§ 4.06, 4.11(g)) nor the motion (doc. no. 61-1 at 11) specifies whether reference is to California Rural Legal Assistance, Inc. or the California Rural Legal Assistance Foundation.  Either organization lacks the close nexus required to ensure that the class members would ultimately benefit from the award. *See Dennis v. Kellogg Co.,* 697 F.3d 858, 865 (9th Cir. 2012).  "Not just any worthy recipient can qualify as an appropriate *cy pres* beneficiary."  *Id.*  What is required is assurance that the funds will be "distributed in accordance with the goals of the remedy"
/ / / / /

2

16-cv2291-L-BGS

1. and that class members will in fact benefit. *Id.* (discussing and quoting *Six Mexican Workers v. Ariz. Citrus Growers,* 904 F.2d 1301, 1309 (9th Cir. 1990)).

4. Federal Rule of Civil Procedure 23(e)(5) provides that "[a]ny class member may object" to the proposed settlement and does not require written objections. Although the parties may encourage class members to provide written objections by a date certain, the Court is not inclined to approve a settlement or notice of settlement suggesting that a class member who does not timely file written objections is barred from objecting. (*See* Settlement § 4.09(d); doc. no. 61-3 at 47 *et seq.*)

5. The Court will not approve any settlement appointing the Settlement Administrator as a "final arbiter" of any class member substantive rights, for example, a dispute over the number of work weeks used to calculate a class member's distribution from the settlement. (*See, e.g.,* Settlement § 4.09(b).)

6. The proposed settlement notice is confusing and verbose. (*See* doc. no. 61-3 at 47 *et seq.*) The notice should be complete, clear, concise and user-friendly, especially in the areas where a class member may be required to make a decision or take action, such as, disputing the proposed claim calculation, ir excluding oneself from or objecting to the settlement. For an example of a settlement notice approved by this Court in a similar context, the parties may refer to *Crane v. Jeld-Wen, Inc.*, U.S. Dist. Ct. S. Dist. Cal. case no.3:17-cv-455-L-WVG doc. 39.

7. Insufficient information is provided for the Court to determine whether ILYM, Inc. is qualified to serve as the Settlement Administrator.

/ / / / /

8. Plaintiff has not indicated whether any responses have been received to the notices of settlement pursuant to the Labor Code California Private Attorney General Act or the Class Action Fairness Act.

**IT IS SO ORDERED.**

Dated: December 31, 2019

_____
Hon. M. James Lorenz
United States District Judge