# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ANDREW ALKADY, | Case No.: 16-cv2291-L-BGS |
| --- | --- |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| v. | |
| FIRST TRANSIT, INC., | |
| Defendant. | **[ECF No. 64]** |

In this putative class action alleging wage and hour violations on behalf of non-exempt fixed-route bus drivers at Defendant's Orange County Transportation Authority locations in Santa Ana and Irvine, Plaintiff filed an unopposed renewed motion for preliminary approval of class action settlement. (ECF no. 64 ("Motion").) Plaintiff Andrew Alkady and Defendant First Transit, Inc. have agreed, subject to Court approval following notice to the Class Members and a hearing, to settle this Action upon the terms and conditions set forth in the First Amended Joint Stipulation of Class Action Settlement ("Settlement Agreement"), which is attached as Exhibit 1 to the Declaration of Jessica L. Campbell in support of the Motion (ECF no. 64-1 ("Campbell Decl.")). In support of the Motion, Plaintiff also filed a notice of motion and motion, memorandum of points and

authorities, proposed Notice of Settlement, as well as Plaintiff's and proposed Settlement Administrator's declarations. For the reasons stated below, the Motion is GRANTED.[1]

In the operative first amended complaint (ECF no. 9), Plaintiff alleges failure to pay minimum and overtime wages, failure to provide meal periods and rest breaks, failure to provide accurate itemized wage statements, failure to timely pay all wages due upon termination, violation of the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* ("UCL"), and a cause of action pursuant to the Private Attorneys General Act of 2004, Cal. Lab. Code §§ 2698 *et seq.* ("PAGA"). The action was removed from State court. This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d).

After investigating Plaintiff's claims through formal and informal discovery, and fully briefing a class certification motion (ECF no. 43), the parties reached a settlement. Plaintiff filed a motion for preliminary class action settlement approval. (Doc. no. 61.) The motion was denied because Plaintiff did not meet the requirements of Federal Rule of Civil Procedure 23. (Doc. no. 62.) After further negotiations, the parties entered into the Settlement Agreement presented in the pending Motion.

Accordingly, pending before the Court is Plaintiff's Motion renewing the request for preliminary approval of class action settlement, which together with attached exhibits, sets forth the terms and conditions of the settlement as currently proposed. Plaintiff also seeks class action certification for settlement purposes and approval of the proposed notice to the class.

Unlike the allegations in the operative complaint, Plaintiff seeks to certify and settle only the rest period claim under California Labor Code § 226.7 and three derivative

---

[1] This Order incorporates by reference the definitions in the Settlement Agreement and all terms defined therein shall have the same meaning in this Order as set forth in the Settlement Agreement.

claims for inaccurate wage statements under § 226, waiting time penalties under §§ 201-204, and unfair competition under the UCL on behalf of the class and pursuant to PAGA. He proposes to dismiss the remaining claims without prejudice as to the class and partially release them as to himself. (*Cf.* Settlement Agreement Art. I(o) *with* Art. I(j) &§ 5.02.)

Having read and considered the Motion, including supporting declarations, exhibits, and Settlement Agreement in light of all prior proceedings in this Action, the Court finds and orders as follows:

1. For the purposes of this Settlement only, the Court provisionally certifies a class consisting of

> All current and former employees employed by First Transit, Inc. as non-exempt fixed route bus drivers at First Transit's Orange County Transportation Authority locations in Santa Ana and Irvine, California at any time during the time period of May 15, 2015 through October 2, 2018.

2. In addition, for the purposes of this Settlement only, the Court provisionally certifies a "Waiting Time Penalties" subclass comprised of all Class Members whose employment with First Transit ended at any time during the time period of May 15, 2015 through October 2, 2018.

3. This action meets the class certification requirements of Federal Rule of Civil Procedure 23(a) and (b)(3). *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997); *see also id*. at 620-27. The Class is sufficiently numerous. It includes approximately 1,128 putative members. According to Plaintiff, his rest break claims arise out of Defendant's class-wide policies and practices. For example, Defendant maintained a common practice of failing to authorize or permit class members to take rest periods and failed to pay minimum wages for an additional hour of compensation for missed rest periods as required by California Labor Code § 226.7. This practice is apparent from Defendant's own time and pay records. Accordingly, the legal and factual issues are sufficiently uniform to meet the commonality and predominance requirements.

Plaintiff is a former employee whose rest break claims are typical of the Class and the Waiting Time Penalties subclass. Plaintiff and his counsel have demonstrated they can adequately represent the absent Class Members. Finally, the Court finds that maintenance of this action as a class action is superior to individual litigation.

4.  Plaintiff Andrew Alkady is preliminarily appointed class representative for settlement purposes only ("Class Representative"). Plaintiff's counsel Samuel A. Wong, Kashif Haque, Jessica L. Campbell, and Simon Kwak are preliminarily appointed counsel for the Class ("Class Counsel") pursuant to Federal Rule of Civil Procedure 23(g) for settlement purposes only.

5.  Class Counsel are authorized to act on behalf of Class Members with respect to all acts or consents required by, or which may be given pursuant to, the Settlement Agreement and such other acts reasonably necessary to consummate the Settlement. Any Class Member may enter an appearance through counsel of such individual's own choosing and at such individual's own expense. Any Class Member who does not enter an appearance through counsel or appear on his or her own behalf will be represented by Class Counsel.

6.  Under the terms of the proposed Settlement, Defendant will pay a non-reversionary Gross Settlement Amount of $397,500 to be distributed as follows: (i) settlement administration expenses not to exceed $18,500; (ii) Class Counsel litigation costs not to exceed $11,000; (iii) Plaintiff's enhancement award not to exceed $10,000; (iv) $15,000 to the California Labor and Workforce Development Agency for the PAGA claim; and (v) Class Counsel's attorneys' fees not to exceed $132,500. What remains of the Gross Settlement Amount after the foregoing distributions shall constitute the Net Settlement Amount, of which 37.5% is to be designated as the Waiting Time Penalty Award, distributed to the subclass members in equal shares, and the remainder to the Class Members pro rata based on the number of Qualifying Workweeks. Any returned or uncashed settlement checks are to be remitted to the California State Controller's Unclaimed Property Fund to be held in the name of the Class Member. (*See* Settlement

Agreement §§ 4.11(c)-(g).)  In exchange, the Class Members are to release their claims based on the alleged rest break violations.  (*See id.* § 5.01 & Art. I(gg).)

7. "[S]ettlement of class actions present[s] unique due process concerns for absent class members [in part because] class counsel may collude with the defendants, tacitly reducing the overall settlement in return for a higher attorney's fee." *In re Bluetooth Headset Prod. Liability Litig.*, 654 F.3d 935, 946 (9th Cir. 2011) (internal quotation marks and citations omitted); *see also Evans v. Jeff D.*, 475 U.S. 717, 733 (1986) (noting the possibility of tradeoff between merits relief and attorneys' fees often implicit in class action settlement negotiations.)  The Court's role in reviewing class action settlements "is to police the inherent tensions among class representation, defendant's interests in minimizing the cost of the total settlement package, and class counsel's interest in fees."  *Staton v. Boeing Co.*, 327 F.3d 938, 972 n.22 (9th Cir. 2003); *see also Bluetooth*, 654 F.3d at 946.

8. In determining whether a class action settlement is fair, adequate, and reasonable, the Court considers whether:

(A) the class representatives and class counsel have adequately represented the class;
(B) the proposal was negotiated at arm's length;
(C) the relief provided for the class is adequate, taking into account:
  (i) the costs, risks, and delay of trial and appeal;
  (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
  (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
  (iv) any agreement required to be identified under Rule 23(e)(3); and
(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. Proc. 23(e)(2).[2]

8. After extensive formal and informal discovery, including voluminous document productions, two depositions and a fully briefed class certification motion, the Class Counsel had sufficient information to negotiate a fair Settlement. According to Plaintiff's representations, the Settlement was negotiated at arm's length. The Settlement represents a substantial compromise of the maximum recovery available to the Class if it fully prevailed on the rest break claims and proved all of the claimed damages and penalties. Although the Class Counsel's requested fees and the Class Representative's requested enhancement award on their face appear on the high side, they may be adjusted prior to final settlement approval if not shown to be reasonable. *See Bluetooth*, 654 F.3d at 942; *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009). The Court finds that requests are not so large as to raise questions regarding the integrity of the Settlement. Given the expense, delay and uncertainty of further litigation, the Court finds on a preliminary basis that the Settlement is likely to confer adequate benefits upon the

---

[2] Subsection (e)(2) was added to Rule 23 as a part of the 2018 amendments. Fed. R. Civ. Proc. 23, Advisory Comm. Notes. Prior to the amendment, the analysis was guided by the *Churchill* factors:

> (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement.

*Bluetooth*, 654 F.3d at 946 (quoting *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004); other citation omitted). The goal of the 2018 amendment "was not to displace any factor, but rather to focus . . . on the core concerns . . . that should guide the decision whether to approve the propos[ed settlement]." Fed. R. Civ. Proc. 23, Advisory Comm. Notes. Several of the *Churchill* factors were incorporated into Rule 23(e)(2) as amended.

Class.  Each Class Member's share of the Settlement is to be sent to him or her individually by check without the necessity to submit a claim.  Thus, the proposed method of distribution is adequate.  Finally, each Class Member is to receive his or her pro rata share for the claims arising from the alleged rest break violations during employment.  Consistent with California Labor Code §§ 201-204, the Waiting Time Penalties Award is to be distributed in equal shares.  The proposed Settlement therefore treats Class members sufficiently equitably relative to each other.

9. The Court finds on a preliminary basis that the PAGA amount in the sum of $20,000, of which $15,000 is to be distributed to the LWDA and $5,000 to the Class, is reasonable.  *See* Cal. Labor Code § 2699(l)(2).

10. The relevant government agencies have been notified of the Settlement pursuant to § 1715 and Cal. Labor Code § 2699(l).  (*See* ECF nos. 66 & 64-3.)  The parties so far have not reported any objections from these agencies.

11. The Court finds that the terms of the Settlement are within the range of possible approval as fair, reasonable and adequate under Federal Rule of Civil Procedure 23(e), and that there is a sufficient basis for notifying the Class of the Settlement.  Accordingly, the Court grants approval of the Settlement on a preliminary basis and subject to final approval.

12. The parties shall comply with their respective obligations under the Settlement Agreement.

13. ILYM Group, Inc. is appointed as Settlement Administrator.  The Settlement Administrator shall comply with all of its duties as set forth in the Settlement Agreement and this Order.  The Settlement Administrator shall treat all Class Member personal information as confidential, not to be disclosed for any purpose other than as provided by the Settlement Agreement.

14. The Court conditionally approves the notice attached as Exhibit A to the Settlement Agreement (ECF no. 64-2 at 64 *et seq.*).[3] The Court finds that the distribution of the Notice by First Class U.S. Mail to the last known address of Class Members with measures taken for verification of addresses as set forth in the declaration of Sean Hartranft (ECF no. 64-4) and the Settlement Agreement constitutes an effective method of notifying Class Members of their rights with respect to this Action and the Settlement. The Court further finds that the proposed notice satisfies due process requirements and requirements of Federal Rule of Civil Procedure 23(c)(2) and (e)(1), is the best notice practicable under the circumstances, and shall constitute due and sufficient notice.

15. No later than twenty-one (21) calendar days after the date of this Order, First Transit shall transmit to the Settlement Administrator, in a readable, ready to use electronic Microsoft Office Excel format spreadsheet, the Class List containing, for each Class Member, the name, last known home or mailing address, last known telephone number, Social Security number or, as applicable, other taxpayer identification number, whether the Class Member's employment with First Transit ended during the Class Period, and the number of Qualifying Workweeks worked during the Class Period.

16. No later than **December 14, 2020** (the "Notice Date"), the Settlement Administrator shall mail the Notice of Settlement to all Class Members via regular First Class U.S. Mail, using the most current, known mailing addresses as identified in the Class List or as updated based on the Settlement Administrator's review of the National Change of Address database.

17. If a Notice of Settlement is returned with a forwarding address, the Settlement Administrator shall re-mail the Notice of Settlement to the forwarding address. With respect to each Class Member whose Notice of Settlement is returned to the Settlement Administrator as undeliverable with no forwarding address, the Settlement

---

[3] Page numbers are assigned by the Electronic Filing System.

Administrator shall promptly attempt to obtain a valid mailing address by performing a skip trace or mass search on LexisNexis databases based on set criteria and, if another address is identified, shall mail the Notice of Settlement to the newly identified address.

18. If the Notice of Settlement is re-mailed, the Settlement Administrator shall note for its own records and notify Class Counsel and Defense Counsel of the number and date of each such re-mailing as part of a weekly status report provided to the Parties.

19. No later than **January 8, 2021**, Plaintiff shall file his motion for Class Counsel attorneys' fees, costs and Plaintiff's enhancement award. *See In re Mercury Interactive Corp. Sec. Litig.,* 618 F.3d 988, 993-94 (9th Cir. 2010). Failure to timely file this motion may result in the need to distribute an amended Notice of Settlement and extend the Response Deadline.

20. No later than **February 17, 2021** (the "Response Deadline"), any Class Member requesting exclusion from the Settlement shall submit his/her Request for Exclusion by mail to the Settlement Administrator as instructed in the Notice of Settlement. Class Members who do not submit a valid Request for Exclusion on or before the Response Deadline shall become Participating Class Members and shall be bound by the Settlement and any Final Approval Order entered in this Action. A Request for Exclusion must be completed and received by the Settlement Administrator with a postmark date on or before the Response Deadline. Any Class Member who submits a valid Request for Exclusion shall not be entitled a Settlement payment, shall not be bound by the Settlement Agreement or any Judgment entered in this Action, and shall not have the right to object to the Settlement or appeal the Judgment.

21. Any member of the Class may dispute the number of Qualifying Workweeks stated in the Notice. Members are encouraged to notify the Claims Administrator of the dispute and submit information no later than the Response Deadline by following instructions in the Notice of Settlement.

22. Any Class Member wishing to object to or comment upon the Settlement may submit his/her objection by mailing it to the Settlement Administrator as instructed

16-cv2291-L-BGS

in the Notice of Settlement. The objection should: (a) contain the full name, address, telephone number and last four digits of the Social Security number of the objecting Class Member; and (b) be signed by the objecting Class Member. The objection should also explain why he/she objects to the proposed Settlement.

23. To the extent permitted by law, pending final approval of the Settlement, Class Members who have not excluded themselves from this Action, whether directly, representatively, or in any other capacity, whether or not such persons have appeared in the Action, shall not institute or prosecute any Released Claims against the Released Parties.

24. This Settlement is not a concession or admission of liability. It shall not be used against First Transit or any of the Released Parties as an admission with respect to any claim of any fault or omission by First Transit or any of the Released Parties. Whether or not the Settlement is finally approved, neither the Settlement, nor any document, statement, proceeding or conduct related to the Settlement, nor any reports or accounts thereof, shall be: (a) construed as, offered or admitted in evidence as, received as or deemed to be evidence for any purpose adverse to the Released Parties, including, but not limited to, evidence of a presumption, concession, indication or admission by First Transit or any of the Released Parties of liability, fault, wrongdoing, omission, concession or damage; or (b) disclosed, referred to, or offered or received in evidence against any of the Released Parties in any further proceeding in the Action, or, to the extent permitted by law, in any other civil, criminal or administrative action or proceeding, except for purposes of enforcing the Settlement. The Court's findings are for purposes of conditionally certifying a Class in the context of this Settlement and do not have any claim- or issue-preclusion or estoppel effect in any other action against the Released Parties or in this Action, if the Settlement is not finally approved. If the Settlement does not receive final approval of the Court or the Effective Date does not occur for any other reason, the Settlement Agreement and all evidence and proceedings in connection therewith shall be without prejudice to the *status quo ante* of the Parties, and

this Order shall be rendered null and void and may be vacated upon an appropriate and timely motion.  In such event, the Settlement shall be withdrawn without prejudice as to the rights of the Parties.

25. A Final Approval Hearing shall be held on **April 2, 2021, at 1:30 p.m.** in Courtroom 5B, of the United States District Court for the Southern District of California, located at 221 West Broadway, San Diego, California  92101, to determine all necessary matters concerning the Settlement, including: whether the proposed Settlement is fair, adequate, and reasonable; whether the Settlement should be granted final approval; whether the plan of allocation proposed in the Settlement should be approved as fair, adequate, and reasonable; whether to grant the motion for attorney's fees and costs of Class Counsel and for an enhancement award to the Class Representative; and whether a Judgment should be entered as provided in the Settlement.  The Final Approval Hearing may be held telephonically, and may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Class as indicated on the Court's docket.

26. No later than **March 1, 2021**, the Parties shall file their briefs and other papers in support of Final Approval of the proposed Settlement.  In addition to the required and customary filings, the motion papers shall include (1) any communications received from the LWDA, *see* Cal. Labor Code § 2699, or other government officials, *see* 28 U.S.C. § 1715, relating to the Settlement; and (2) the Settlement Administrator's affidavit regarding compliance with its duties under the Settlement Agreement and this Order.  The Settlement Administrator's affidavit must include: a copy of the Notice sent to the putative Class Members; a report regarding Notice, including the number of putative Class Members to whom Notice was sent, the number of undelivered Notices after the first and second mailing, respectively, and efforts to locate addresses for undelivered Notices; the number of putative Class members requesting exclusion (including any untimely requests); any disputes regarding the number of Qualifying Workweeks for the calculation of a Class Member's payment (including any untimely

raised disputes), the number of Class Members to whom a payment is to be sent, estimated payment for Waiting Time Penalties and the number of Class members receiving it, as well as an estimated range of and median Class Member payments not including Waiting Time Penalties.

27.     As of the date this Order is signed, all dates and deadlines associated with this Action are stayed, other than those pertaining to the administration of the Settlement.

**IT IS SO ORDERED.**

Dated:  November 13, 2020

_____
Hon. M. James Lorenz
United States District Judge