# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW ALKADY,<br><br>         Plaintiff,<br><br>v.<br><br>FIRST TRANSIT, INC.,<br><br>         Defendant. | Case No.: 16-cv2291-L-BGS<br><br>**ORDER (1) GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; (2) GRANTING IN PART MOTION FOR ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE'S INCENTIVE AWARD; AND (3) DISMISSING ACTION**<br><br>**[ECF Nos. 69, 70]** |

In this class action alleging wage and hour violations on behalf of non-exempt fixed-route bus drivers at Defendant's Orange County Transportation Authority locations in Santa Ana and Irvine, Plaintiff filed unopposed motions for final approval of class action settlement and for attorneys' fees, costs, and class representative's incentive award. (ECF nos. 69 ("Fee Motion"), 70 ("Settlement Approval Motion," together "Motions").) No objections have been received. Having read and considered the Motions, including supporting declarations, exhibits, and Settlement Agreement in light

///

of prior proceedings in this action, and given no objection or opposition to the Motions, the Settlement Approval Motion is granted, and the Fee Motion is granted in part.

## I. BACKGROUND

In the operative first amended complaint (ECF no. 9 ("Am. Compl.")), Plaintiff alleges failure to pay minimum and overtime wages, failure to provide meal periods and rest breaks, failure to provide accurate itemized wage statements, failure to timely pay all wages due upon termination, violation of the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* ("UCL"), and a cause of action pursuant to the Private Attorneys General Act of 2004, Cal. Lab. Code §§ 2698 *et seq.* ("PAGA").  After investigating Plaintiff's claims through formal and informal discovery, and fully briefing a class certification motion (ECF no. 43), the parties entered into the First Amended Joint Stipulation of Class Action Settlement, which is presented for final approval.  (ECF no. 70-2, Dec. of Jessica L. Campbell in Supp. of Mot. for Final Approval of Class Action Settlement Ex. 1 ("Settlement Agreement").)

This action was removed from State court.  This court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d).

In his motion for preliminary approval of class action settlement, Plaintiff requested certification for and settled only the rest period claim under California Labor Code § 226.7 and three derivative claims for inaccurate wage statements under § 226, waiting time penalties under §§ 201-204, and unfair competition under the UCL on behalf of the class and pursuant to PAGA.  He proposed to dismiss the remaining claims alleged in the Amended Complaint without prejudice as to the class and partially release them as to himself.  (*Cf.* Settlement Agreement Art. I(o) *with* Art. I(j) and (gg) &§§5.01, 5.02.)

The Settlement Agreement provides for Defendant's payment of a non-reversionary Gross Settlement Amount of $397,500 to be distributed as follows:  (i) settlement administration expenses not to exceed $18,500; (ii) class counsel litigation costs not to exceed $11,000; (iii) Plaintiff's incentive award not to exceed $10,000; (iv)

$15,000 to the California Labor and Workforce Development Agency ("LWDA") for the PAGA claim; and (v) class counsel's attorneys' fees not to exceed $132,500. What remains of the Gross Settlement Amount after the foregoing distributions is defined as the Net Settlement Amount, of which 37.5% is to be designated as the Waiting Time Penalty Award distributed to the subclass members in equal shares. The remaining 62.5% is to be distributed to the class members pro rata based on the number of Qualifying Workweeks, as the term is defined in the Notice and Settlement Agreement. Any returned or uncashed settlement checks are to be remitted to the California State Controller's Unclaimed Property Fund to be held in the name of the class member. (*See* Settlement Agreement §§ 4.11(c)-(g).) In exchange, the class members are to release their claims based on the alleged rest break violations. (*See id.* § 5.01 & Art. I(gg).)

On November 13, 2020, the court granted Plaintiff's preliminary approval motion. (ECF no. 68.) On a preliminary basis the court certified a settlement class, found that the proposed settlement was fair, adequate, and reasonable, and approved the content and method of distribution of the proposed notice of class certification and settlement. (*Id.*) The court appointed Plaintiff as the class representative, his counsel as the class counsel, and ILYM Group, Inc. ("ILYM") as the settlement administrator. (*Id.*)

The court-approved notice was distributed on December 14, 2020 by First Class U.S. Mail to 1,114 putative class members at the addresses provided by Defendant and verified by ILYM. (ECF no. 70-3, Supp. Dec. of Madely Nava Regarding Notice and Settlement Administration ("Supp. Nava Dec.") and Ex. A ("Notice").) The addresses of returned notices were updated, and the notices were re-mailed by First Class U.S. Mail. (Supp. Nava Dec. at 2.) The due date for exclusions and objections was February 17, 2021. (Notice at 4.) On January 8, 2021, Plaintiff filed his Fee Motion, and on March 1, 2021, he filed his Settlement Approval Motion. Out of 1,114 putative class members, 63 notice packets were ultimately deemed undeliverable. (Supp. Nava Dec. at 2.) Two members excluded themselves. (*Id.*) No class members have objected or disputed their estimated individual settlement amounts. (*Id.* at 3.)

## II. DISCUSSION

### A. Class Certification and Notice

This action meets the class certification requirements of Federal Rule of Civil Procedure 23(a) and (b)(3). *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997); *see also id*. at 620-27. The class is sufficiently numerous. According to Plaintiff, his rest break claims arise out of Defendant's class-wide policies and practices. For example, Defendant maintained a common practice of failing to authorize or permit class members to take rest periods and failed to pay minimum wages for an additional hour of compensation for missed rest periods as required by Labor Code § 226.7.[1] Plaintiff contends that this practice is apparent from Defendant's own time and pay records. Accordingly, the legal and factual issues are sufficiently uniform to meet the commonality and predominance requirements. Plaintiff is a former employee whose rest break claims are typical of the class and the subclass. Plaintiff and his counsel have demonstrated they can adequately represent the absent class members. Finally, the court finds that maintenance of this action as a class action is superior to individual litigation.

The Notice distributed to the putative class members satisfies the requirements of due process and Rule 23(c)(2), (e)(1),[2] and was the best notice practicable under the circumstances.

For purposes of the Settlement Agreement the court certifies a class ("Class") defined as:

> All current and former employees employed by First Transit as non-exempt fixed route bus drivers at First Transit's Orange County Transportation Authority locations in Santa Ana and Irvine, California at any time during the time period of May 15, 2015 through October 2, 2018.

---

[1] All references to "Labor Code" are to the California Labor Code.

[2] All references to "Rule" are to Federal Rules of Civil Procedure.

For purposes of the Settlement Agreement the court also certifies a Waiting Time Penalty subclass comprised of all members of the Class whose employment with Defendant ended at any time during the period of May 15, 2015 through October 2, 2018 ("Subclass").

Paula Rogers and Vincent Huynh requested exclusion from this class action. (Supp. Nava Dec. at 2.)  Accordingly, they are excluded from the Class and the Subclass.

The court appoints Plaintiff Andrew Alkady as a class representative for settlement purposes only pursuant to Rule 23(a)(4), Plaintiff's counsel Samuel A. Wong, Jessica L. Campbell, Laura Birnbaum, and Simon Kwak as counsel for the Class and Subclass ("Class Counsel") pursuant to Rule 23(g) for settlement purposes only, and ILYM as the settlement administrator.  Class Counsel are authorized to act on behalf of class members with respect to all acts or consents required by, or which may be given pursuant to, the Settlement Agreement and such other acts reasonably necessary to consummate the settlement.

### B.     Settlement Fairness

"[S]ettlement of class actions present[s] unique due process concerns for absent class members [in part because] class counsel may collude with the defendants, tacitly reducing the overall settlement in return for a higher attorney's fee." *In re Bluetooth Headset Prod. Liability Litig.*, 654 F.3d 935, 946 (9th Cir. 2011); *see also Evans v. Jeff D.*, 475 U.S. 717, 733 (1986) (noting the possibility of tradeoff between merits relief and attorneys' fees often implicit in class action settlement negotiations.)[3]  The court's role in reviewing class action settlements "is to police the inherent tensions among class representation, defendant's interests in minimizing the cost of the total settlement

///

---

[3]     Unless otherwise noted, internal quotation marks, citations, and footnotes are omitted from citations.

package, and class counsel's interest in fees." *Staton v. Boeing Co.*, 327 F.3d 938, 972 n.22 (9th Cir. 2003); *see also Bluetooth*, 654 F.3d at 946.

In determining whether a class action settlement is fair, adequate, and reasonable, the court considers whether:

(A) the class representatives and class counsel have adequately represented the class;
(B) the proposal was negotiated at arm's length;
(C) the relief provided for the class is adequate, taking into account:
   (i) the costs, risks, and delay of trial and appeal;
   (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
   (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
   (iv) any agreement required to be identified under Rule 23(e)(3); and
(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. Proc. 23(e)(2).

After extensive formal and informal discovery, including voluminous document productions, two depositions, and a fully briefed class certification motion, the Class Counsel had sufficient information to negotiate a fair settlement. According to Plaintiff's representations, which are uncontradicted by the record, the settlement was negotiated at arm's length.

The Class Counsel's requested fees and costs totaling approximately $140,000 and Plaintiff's requested incentive award of $10,000 are relatively high in relation to the Gross Settlement Amount of $397,5000. However, these requests are not so large as to raise questions regarding the integrity of the settlement. Further, they are subject to court approval to ensure reasonableness. *See Bluetooth*, 654 F.3d at 942; *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009). If the court awards less, the Settlement Agreement requires the difference to be distributed to the class members. (*See*

///

Settlement Agreement Art I(q) ("No part of the Gross Settlement Amount shall revert to Defendant."); *see also id.* § 4.11(b).)

The settlement represents a substantial compromise of the maximum recovery available to the Class and Subclass if they fully prevailed on the claims they are settling and proved all of the claimed damages and penalties. The Gross Settlement Amount represents approximately 10% of the maximum possible recovery. However, in light of the expense, delay, and uncertainty of further litigation, the settlement confers adequate benefits upon the Class and Subclass.

Each member of the Class is to receive his or her pro rata share for the claims arising from the alleged rest break violations during employment. The average estimated individual payment is $119.92. The estimated payments range from $1.85 to $327.79. (Supp. Nava Dec. at 3-4.) Consistent with Labor Code §§ 201-204, the Waiting Time Penalty Award is to be distributed in equal shares. Each of the 708 members of the Subclass will receive an estimated payment of $113.01. (*Id.* at 3.) The proposed settlement treats the class members equitably relative to each other.

The class members will not have to file a claim to receive a distribution. The information necessary to calculate each member's individual payment and the estimated individual payment were confirmed in the Notice, subject to each class member's right to dispute. (Notice at 2.) None of the class members disputed the amounts disclosed in the Notice. (Supp. Nava Dec. at 3.) The class members will receive their payments by check sent by First Class U.S. Mail. (Settlement Agreement §4.11(g); Notice at 3.) This method of distribution is adequate.

ILYM requests a payment of $17,838 for notice and settlement administration services. (ECF no. 69-3, Dec. of Madely Nava Regarding Notice and Settlement Admin. at 2 and Ex. 1.) This is less than the estimated amount disclosed in the Notice. (*Cf.* Notice at 2.) Based on review of the record, including ILYM's detailed invoice, the court finds the amount reasonable.

///

The court finds that the PAGA amount in the sum of $20,000, of which $15,000 is to be distributed to the LWDA and $5,000 to the Class, is reasonable. *See* Cal. Labor Code § 2699(l)(2).

The relevant government agencies have been notified of the settlement pursuant to 28 U.S.C. § 1715 and Labor Code § 2699(l). (*See* ECF nos. 66 & 64-3.) The parties have not reported any objections from the agencies.

Based on the foregoing, the court finds that Plaintiff and Class Counsel have adequately represented the Class and the Subclass. The relief provided by the Settlement Agreement is adequate under the circumstances of this case. Accordingly, the Settlement Agreement is approved pursuant to Rule 23(e)(2) as fair, reasonable, and adequate.

### C.   Class Counsel Fees

The Class Counsel seek $ 132,500 in attorneys' fees. The Settlement Agreement allows for this amount without objection from Defendant, and the request was noticed to the class. (Settlement Agreement § 4.11(c); Notice at 2.)

"[A]ttorneys' fees and costs may be awarded in a certified class action where so authorized by law or the parties' agreement." *Bluetooth*, 654 F.3d at 941 (citing Rule 23(h)). "The award of attorneys' fees in a class action settlement is often justified by the common fund or statutory fee-shifting exceptions to the American Rule, and sometimes[, as here], by both." *Id*. Labor Code § 226(e) makes an award of reasonable attorney's fees mandatory to an employee suffering an injury cognizable under § 226(a). *See Harrington v. Payroll Entm't Servs., Inc.*, 160 Cal.App.4th 589 (2008). In addition, Labor Code § 2699(g)(1) provides for attorney's fees in PAGA actions. *See also Villacres v. ABM Indus., Inc.,* 189 Cal.App.4th 562, 578 (2010).

The courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount." *Bluetooth*, 654 F.3d at 941. Two different methods for calculating reasonable attorneys' fees have been approved depending on the circumstances -- the lodestar method and percentage-of-recovery method. *Id*. at 941-42.

> Where a settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method. Because the benefit to the class is easily quantified in common-fund settlements, we have allowed courts to award attorneys a percentage of the common fund in lieu of the often more time-consuming task of calculating the lodestar. Applying this calculation method, courts typically calculate 25% of the fund as the "benchmark" for a reasonable fee award, providing adequate explanation in the record of any "special circumstances" justifying a departure. [] Though courts have discretion to choose which calculation method they use, their discretion must be exercised so as to achieve a reasonable result.

*Id.* at 942; *see also Staton v. Boeing Co.*, 327 F.3d 938, 965- 71 (9th Cir. 2003).

The Class Counsel seek attorneys' fees of $132,500, which amounts to one third of the common fund of $397,500. They claim the lodestar is $259,036.50.

> In setting the amount of common fund fees, the district court has a special duty to protect the interests of the class. On this issue, the class's lawyers occupy a position adversarial to the interests of their clients. [T]he district court must assume the role of fiduciary for the class plaintiffs. Accordingly, fee applications must be closely scrutinized. Rubber-stamp approval, even in the absence of objections, is improper.

*Staton*, 327 F.3d at 970.

The court uses the lodestar method to cross-check whether awarding more than the 25% benchmark is reasonable.

> The lodestar figure is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer. Though the lodestar figure is "presumptively reasonable," the court may adjust it upward or downward by an appropriate positive or negative multiplier reflecting a host of "reasonableness" factors.

*Bluetooth*, 654 F.3d at 941-42.

The Class Counsel provided a declaration and billing summary in support of the Fee Motion. (ECF no. 69-2.) They further supplemented the record as ordered by the court. (*See* ECF nos. 73, 74, 74-1, 74-2.) Six attorneys contributed to the work on behalf

of the Class and Subclass. Samuel A. Wong is a partner with approximately twenty years of legal experience mostly in the wages-and-hours litigation area. Included in the Class Counsel's lodestar calculation are 56.9 hours for his work. He charges $785 per hour. Jessica A. Campbell is a partner with approximately ten years of legal experience mostly in plaintiff-side class action litigation. She charges $650 per hour. The Class Counsel include 254.2 hours for her work. The partners were assisted by three associates. Laura Birnbaum has approximately eight years of legal experience. The Class Counsel include 25.2 hours at $350 per hour for her work. Simon Kwak has approximately seven years of legal experience. Class Counsel include 100.8 hours at $400 per hour for his work. Ali Carlsen has approximately eight years of legal experience. Through March 2017, the Class Counsel were also assisted by former co-counsel Scott Cooper who at that time had approximately 23 years of legal experience. Class Counsel do not seek compensation for any work performed by Ms. Carlsen or Mr. Cooper. The Class Counsel's lodestar calculation of $259,036.50 comprises of approximately 437 hours at the average billing rate of $592.5.

The court finds that a partner billing rate of $785 is unreasonably high in this District for wages-and-hours litigation. The remaining hourly rates are reasonable. Review of the billing records shows duplication of work between partners and between partners and associates.

Upon review of the time records and case file, the court reduces the Class Counsel's lodestar calculation by $60,500. This is the result of reducing the $785 hourly rate to $700 and eliminating unnecessary duplication in billing. Accordingly, the lodestar is $198,536.5, representing 340.5 hours at an average hourly rate of $583.[4] Even so, the

---

[4] The lodestar does not include, and the Class Counsel do not request compensation for, the work of two attorneys and the preparation of the Fee Motion or the Final Approval Motion. Because no billing records were submitted for this work, the court expresses no opinion about its reasonable value.

Class Counsel request less than the lodestar. Although the requested sum of $132,500 is more than the 25% benchmark, it is reasonable under the circumstances of this case.

### D. Costs

The Class Counsel request reimbursement of $8,803.06 in litigation expenses and court costs. The request is supported by an itemized list of costs and expenses, including a $4,375 invoice paid to Data Analysis in connection with the expert opinion prepared in support of class certification. (*See* ECF nos. 69-2, 74-2.) Other costs and expenses include filing and process server fees, document delivery expenses, legal research expenses, fees related to a document subpoena and a deposition, as well as travel expenses. Upon review of the records provided, the court finds the request to be reasonable.

### E. Class Representative's Incentive Award

Plaintiff requests an incentive award of $10,000.00. Incentive awards such as this "are discretionary and are intended to compensate class representatives for work done on behalf of the class, [and] to make up for financial or reputational risk undertaken in bringing the action . . .." *Rodriguez*, 563 F.3d at 958-59. The amount of the award should be related to the actual service or value the class representative provides to the class. *See id.* at 960. Although incentive awards are "fairly typical in class actions," *id.* at 958, they "should not become routine practice," lest the representatives be "tempted to accept suboptimal settlements at the expense of the class members whose interests they are appointed to guard." *Radcliffe v. Experian Information Solutions Inc.*, 715 F.3d 1157, 1163 (9th Cir. 2013).

Plaintiff prosecuted this action on behalf of the class since inception. He conferred with counsel and assisted them with the class certification motion. He provided them with information and documents, submitted to a deposition, and reviewed Defendant's discovery. (ECF No. 69-4, Dec. of Andrew Alkady in Supp. of Fee Mot. at 1.) Plaintiff exposed himself to the risk of liability for increased costs of litigation, delay in his own

///

recovery, and damage to his reputation with potential employers by filing this class action. (*Id.* at 2.)

Nevertheless, Plaintiff's declaration does not support the large sum he is requesting. In comparison to the average class member recovery of $119.92 for rest break violations and $113.01 for the waiting time penalties, Plaintiff's request of $10,000 is excessive. The court finds that $3,000 adequately compensates him for his work on behalf of the class.

**III.   ORDER**

Based on the foregoing, the court orders as follows:

1.   Plaintiff's Final Approval Motion (ECF no. 70) is granted.

2.   The parties and ILYM shall complete their respective duties and obligations under the Settlement Agreement and this Order. ILYM shall treat all class member personal information as confidential, not to be disclosed for any purpose other than as provided by the Settlement Agreement.

3.   ILYM shall receive $17,838 from the Gross Settlement Amount for its notice and settlement administration services.

4.   Plaintiff's Fee Motion is granted in part and denied in part.

5.   The Class Counsel shall receive $132,500 for their fees and $8,803.06 for costs from the Gross Settlement Amount.

6.   Plaintiff shall receive $3,000 from the Gross Settlement Amount as an incentive award.

7.   Plaintiff and the class members shall be deemed to have released their claims as provided in the Settlement Agreement.

8.   Without affecting the finality of this Order, the court retains continuing jurisdiction over the interpretation, implementation, and enforcement of the Settlement Agreement.

9.   This action is hereby dismissed in its entirety. Plaintiff dismisses the Amended Complaint as provided in the Settlement Agreement § 5.02 and Art. I(j). The

12

16-cv2291-L-BGS

class members dismiss without prejudice the first, second, and third causes of action alleged in the Amended Complaint and dismiss with prejudice the remaining causes of action.

**IT IS SO ORDERED.**

Dated: May 20, 2021

Hon. M. James Lorenz
United States District Judge